UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-48 |
| | ) | (PHILLIPS/SHIRLEY) |
| RONALD WAGONER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COMMITMENT FOR
## MENTAL EXAMINATION AND EVALUATION

This matter came before the undersigned on May 2, 2005 for a scheduled initial appearance. Greg Weddle was present representing the government and Kim Tollison was present representing the defendant, Ronald Wagoner. The defendant was also present. The defendant is charged with attempting to intimidate a federal judge.

The defendant, Ronald Wagoner, through counsel, made an oral Motion for this Court to grant a psychiatric evaluation to evaluate defendant Wagoner with regard to his competency and mental condition at the time of the alleged offense. [See Doc. 2]. The government did not oppose this motion. Defendant's counsel also noted he would be filing a 12.2 Notice of intent to rely upon insanity as a defense. Both parties agreed any evaluation should include both competency and sanity. The defendant's oral motion is being considered by the undersigned as a motion for a mental evaluation under 18 U.S.C. § 4241 (re: competency) and § 4242 (determination of sanity at the time of the offense). The undersigned finds that there is reasonable cause to support the ordering of a competency examination under 18 U.S.C. § 4241. Although the defendant had not filed a Notice of Intent to rely on an insanity defense under Federal Rules of Criminal Procedure 12.2 at the time

of the hearing, it was filed immediately thereafter. [Doc. 6]. As such, the government is entitled to and requests an 18 U.S.C. § 4242 evaluation and determination. The basis for the mental evaluation as to competency was shown during attorney Tollison's proffer of facts based on conversations with defendant and defendant's prior mental health problems including his recent treatment and mediation, all of which established a showing that such exam is necessary. In light of defendant Wagoner's Notice of Intent to rely on an insanity defense, I find there is no good reason to limit the mental evaluation to competency and in the interest of judicial economy and there is every good reason to include the requested sanity evaluation under 18 U.S.C. § 4242. Accordingly, the defendant's oral Motion for a Mental Evaluation is **GRANTED** as modified herein.

It is therefore **ORDERED:**

1. That defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for the purposes indicated herein and the United States Marshal is hereby directed to transport the defendant to the nearest suitable psychiatric facility (hospital) for purposes of psychiatric evaluation, pursuant to 18 U.S.C. §§ 4241 and 4242. Said commitment shall be for a reasonable period not to exceed forty-five (45) days (to commence when defendant arrives at the facility), unless otherwise ordered.

2. That the receiving facility and doctor in whose primary care the defendant is placed shall file a written report with this Court pursuant to 18 U.S.C. § 4247(c) as soon as practicable with copies to counsel for the government and the defendant, said report to include:

   a. the defendant's history and present symptoms;
   b. a description of the psychiatric, psychological, and medical tests that were employed and their results;
   c. the examiner's findings; and

2

        d.    the examiner's opinions as to diagnosis, prognosis, and

        (1)   whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

        (2)   whether the defendant suffered from such mental disease or defect which rendered him insane at the time of the offense charged.

3. That a hearing on the question of the defendant's competency to stand trial is set for **September 7, 2005 at 1:30 p.m.**, pending the return of the defendant and a report on his mental condition from the facility to which he is assigned.

4. That the defendant be given any necessary medications if determined appropriate to do so by the medical staff at the facility;

5. That the psychiatrist/psychologist have access to any Pretrial Services Reports completed on defendant in the instant case; and

6. That the psychiatrist/psychologist have access to all available medical records on the defendant.

7. The names, addresses, and telephone numbers of the Assistant United States Attorney, defense counsel, and defendant's pretrial service officer are as follows:

    (a)    Government's counsel: A. William Mackie
             P.O. Box 872, Knoxville, TN 37902
             (865) 545-4167

    (b)    Defense counsel: Kim Tollison
             Federal Defenders Service
             530 South Gay Street, Suite 900, Knoxville, TN 37902

(865) 637-7979

        (c)     Pretrial Services Officer: Twilla Tucker
                800 Market Street, Suite 120, Knoxville, TN 37902
                (865) 545-4017

        8.      The Clerk is directed to serve copies of this order on counsel of

record and to serve three certified copies on the United States Marshal.

        9.      The United States Marshal shall notify the clerk of the court and

the undersigned's office promptly when defendant returns to this jurisdiction from the mental

evaluation. A competency hearing has been scheduled for **September 7, 2005 at 1:30 p.m.**

        10.     The trial date and pretrial conference date will be set at the competency

hearing.

        **IT IS SO ORDERED.**

                                        ENTER:


                                          s/ C. Clifford Shirley, Jr.
                                        United States Magistrate Judge

4