UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-48 |
| | ) | (PHILLIPS/SHIRLEY) |
| RONALD WAGONER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COMMITMENT FOR
## MENTAL EXAMINATION AND EVALUATION

This matter came before the undersigned on July 26, 2006 for a scheduled detention hearing. Assistant United States Attorney Will Mackie was present representing the government. Attorney Kim Tollison was present representing Defendant Ronald Wagoner, who was also present. On July 24, 2006, U.S. Probation Officer Kathryn Callaway filed a Petition For Warrant For Offender Under Supervision [Doc. 41]. Defendant had an initial appearance before the undersigned on July 25, 2006. Upon motion of the government for detention, a Detention Hearing was set for July 26, 2006.

Prior to taking up the issue of detention at the hearing, the government made an oral motion for this Court to grant a psychiatric evaluation to evaluate Defendant Wagoner with regard to his competency. Defendant opposed the motion.

The government's oral motion is being considered by the undersigned as a motion for a mental evaluation under 18 U.S.C. § 4241 (re: competency). The undersigned finds that there is reasonable cause to support the ordering of a competency examination under 18 U.S.C. § 4241.

1

At the hearing, U.S. Probation Officer Callaway, who is a mental health specialist, testified that based on her contact with Defendant and statements she has received from other specialists [at Helen Ross McNabb Center] about him, Defendant is chronically mentally-ill, cannot self-medicate in any routine fashion and, as a result, is mentally incompetent. She opined that he was mentally incompetent per 18 U.S.C. § 4241 and had gotten worse since he was found competent back in February. She also noted the specialist at Helen Ross McNabb and defendants own mother felt he was mentally unstable.

The government next called Deputy U.S. Marshal Russ Fields. Deputy Fields testified that he was present when Defendant was arrested on July 24, 2006. He stated that Defendant's mother contacted the U.S. Marshals to let them know Defendant was there. Fields testified that when they arrived, Defendant was sitting in a chair in his mother's backyard in his underwear. Fields testified that Defendant appeared incoherent and had no medications on his person. Fields also testified that the day after Defendant was arrested, he asked to make a phone call so that he could "report" Ms. Callaway and also stated that Mrs. Callaway had said he was fine. Defendant indicated to the marshals that he had never met Ms. Callaway and that everything she said about him was lies. Ms. Callaway testified that she had not only met the defendant, but had met with him almost daily and had interacted with him over a period of time. Furthermore, she did not say he was "fine" on the day of his arrest but to the contrary had issued a warrant for his arrest.

At the hearing, Defendant testified on his own behalf. He testified that he was able to understand the proceedings against him and that he had no problems communicating with his attorney. He also stated that he was currently taking his medication. Defendant also testified that he did not believe he had any mental health problems and did not need medication. When asked to

2

explain "why he was taking medication then," Defendant explained, "for Court." Despite Defendant's claim that he was taking medication, Deputy U.S. Marshall Chuck Pittman reported to the Court that Defendant had not been administered any medication while at the Knoxville County Detention Facility.

Based on the foregoing, the Court finds that there is reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent as defined in 18 U.S.C. § 4241. Defendants inability appreciate and/or express factual realities causes the Court great concern regarding his ability to understand the nature and consequences of the proceedings against him and the reality of what is going on and the Court is concerned that such delusions or loss of reality will adversely affect his ability to assist properly in the defense of his case. Accordingly, the government's oral Motion for a Mental Evaluation, pursuant to 18 U.S.C. § 4241, is **GRANTED** as modified herein**.**

It is therefore **ORDERED:**

1. That Defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for the purposes indicated herein and the United States Marshal is hereby directed to transport the defendant to the nearest suitable psychiatric facility (hospital) for purposes of psychiatric evaluation, pursuant to 18 U.S.C. §§ 4241. Said commitment shall be for a reasonable period not to exceed thirty (30) days (to commence when defendant arrives at the facility), unless otherwise ordered.

2. That the receiving facility and doctor in whose primary care the defendant is placed shall file a written report with this Court pursuant to 18 U.S.C. § 4247(c) as soon as practicable with copies to counsel for the government and the defendant, said report to include:

3

  a. the defendant's history and present symptoms;

  b. a description of the psychiatric, psychological, and medical tests that were employed and their results;

  c. the examiner's findings; and

  d. the examiner's opinions as to diagnosis, prognosis, and

  (1) whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

3. That a hearing on the question of the defendant's competency is set for **October 23, 2006 at 1:30 p.m.**, pending the return of the defendant and a report on his mental condition from the facility to which he is assigned.

4. That the defendant be given any necessary medications if determined appropriate to do so by the medical staff at the facility;

5. That the psychiatrist/psychologist have access to any Pretrial Services Reports completed on defendant in the instant case; and

6. That the psychiatrist/psychologist have access to all available medical records on the defendant.

7. The names, addresses, and telephone numbers of the Assistant United States Attorney, defense counsel, and defendant's pretrial service officer are as follows:

  (a) Government's counsel: A. William Mackie
    P.O. Box 872, Knoxville, TN 37902
    (865) 545-4167

  (b) Defense counsel: Kim Tollison
    Federal Defenders Service
    530 South Gay Street, Suite 900, Knoxville, TN 37902
    (865) 637-7979

  (c)  U.S. Probation Officer: Kathryn Callaway
    800 Market Street, Suite 120, Knoxville, TN 37902
    (865) 545-4001

  8.  The Clerk is directed to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshal.

  9.  The United States Marshal shall notify the clerk of the court and the undersigned's office promptly when defendant returns to this jurisdiction from the mental evaluation. A competency hearing has been scheduled for **October 23, 2006 at 1:30 p.m.**

  10.  The date for the revocation hearing will be set at the competency hearing.

**IT IS SO ORDERED.**

              ENTER:


               s/ C. Clifford Shirley, Jr.
               United States Magistrate Judge

5

Case 3:05-cr-00048-TWP-CCS   Document 48   Filed 08/01/06   Page 5 of 5   PageID #: 71