UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:05-CR-48 |
| | ) | (PHILLIPS/SHIRLEY) |
| RONALD WAGONER, | ) | |
| Defendant. | ) | |

**O R D E R**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the undersigned for a competency hearing on October 25, 2006. Assistant United States Attorney Charles Atchley appeared as counsel for the government. Kim Tollison appeared as counsel for Defendant Wagoner, who was also present. The parties stipulated in open court to the nine (9) page forensic evaluation, cover letter and certificate of competency from the Federal Medical Center, Butler, North Carolina, dated October 6, 2006, in so far as it relates to competency. Neither the government nor Defendant sought to offer any other evidence for the Court to consider on the issues of competency.

Pursuant to 18 U.S.C. § 4241, it therefore appears from the report and I so find by a preponderance of the evidence that Mr. Wagoner is able to understand the nature and consequences of the charges and proceedings against him to assist properly in the defense of the charges brought against him in this case. Thus, the Court finds that Defendant Wagoner is competent to proceed with the revocation hearing regarding his supervised release and the Petition

1

[Doc. 41] to revoke the same. Defendant further agreed to remain in detention, waived a detention hearing, and did not seek a detention hearing. Accordingly, he will be detained pending trial. Defendant also waived a preliminary hearing on the Petition For Warrant For Offender Under Supervision [Doc. 41].

The Court further finds, and the parties agreed, that the time from the government's Oral Motion for Mental Evaluation, made on July 26, 2006, through the Court's granting of that motion and ordering [Doc. 48] a mental examination on July 28, 2006, is excluded from any speedy trial calculations. See 18 U.S.C. § 3161(h)(1)(F), -(J). Additionally, the Speedy Trial Act excludes the time during which Defendant was undergoing a mental evaluation to determine his competency, up to the date of this hearing on October 25, 2006. See 18 U.S.C. § 3161(h)(1)(A).

Accordingly, it is **ORDERED**:

(1) Defendant is **FOUND** competent to stand trial;

(2) All time between **July 26, 2006** and **October 25, 2006**, is fully excludable time under the Speedy Trial Act for the reasons stated herein;

(3) A revocation hearing is scheduled for **October 31, 2006, at 9:00 a.m.**, before the Honorable District Court Judge Phillips; and

(4) Defendant is to remain in detention pending the revocation hearing.

**IT IS SO ORDERED.**

                                          ENTER

                                            s/ C. Clifford Shirley, Jr.
                                            United States Magistrate Judge